# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street, 10th Floor
New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

**Tamara L. Giwa**
*Executive Director*

**Jennifer L. Brown**
*Attorney-in-Charge*

September 13, 2024

**By ECF**

Hon. John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: **United States v. Hakeem Baldeo**
          **24-Cr-28 (JPC)**

Dear Judge Cronan:

    I write to update the Court about the change of plea hearing scheduled for September 17. Mr. Baldeo has informed me that he now wishes to reject the government's plea offer and instead to plead to all counts of the indictment without a plea agreement. Moreover, I write to move to dismiss count 4 of the indictment, and to request that the Court rule on the motion before Mr. Baldeo formally changes his plea. I have notified the government about the change in circumstances and that I would be moving to dismiss count 4.

    Mr. Baldeo is being prosecuted on a four-count indictment containing charges related to two incidents. Counts 1-3 charge Mr. Baldeo with conspiracy to commit Hobbs Act robbery, Hobbs Act robbery, and § 924(c), related to a robbery of a bodega in October 2023. Count 4 charges Mr. Baldeo with § 922(g)(1) related to a shooting in August 2023.

    Mr. Baldeo's pretrial motions were due on September 9. On September 4, however, Mr. Baldeo signed a plea agreement pursuant to which he would plead guilty to an information charging two crimes not contained in the indictment: § 371 as to the robbery, and § 924(c) as to the shooting. The government notified the Court of Mr. Baldeo's intention to plead guilty on September 8 and a change of plea hearing was scheduled. As a result, Mr. Baldeo did not move to dismiss count 4 of the indictment as violating the Second Amendment at that time, since such a motion would have been moot given the plea agreement.

    Mr. Baldeo has now informed me that he no longer wishes to accept the government's plea offer, and instead wishes to plead guilty to the indictment without a plea agreement. I made the government aware of Mr. Baldeo's decision, and it has advised me that it does not require an adjournment of the change of plea proceeding.

    Because the Second Amendment issue is no longer moot, Mr. Baldeo wishes to move to dismiss count four of the indictment. 18 U.S.C. § 922(g)(1) is unconstitutional on its face, as there is no historical tradition of disarming individuals with felony convictions. *New York State Rifle & Pistol*

*Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).  And even if the Court were to rule that § 922(g)(1) is facially constitutional, as it has done in the past, that statute is unconstitutional as applied to Mr. Baldeo.  Mr. Baldeo cannot be considered a "dangerous" person.  His previous convictions are all non-violent: conspiring to commit device access fraud, aggravated unlicensed operation of a motor vehicle, possession of a controlled substance, identity theft, and criminal possession of a weapon.  There is simply no historical tradition of disarming individuals like Mr. Baldeo, and thus the statute is unconstitutional as applied to him in violation of the Second Amendment.  *United States v. Williams*, __ F.4th __, 2024 WL 3912894 (6th Cir. Aug. 23, 2024) (§ 922(g)(1) only constitutional as applied to individuals who are "dangerous").

Accordingly, Mr. Baldeo requests that the Court rule on his motion to dismiss count 4 of the indictment before he formally enters a guilty plea.  Given the previous plea agreement, Mr. Baldeo's documented mental health issues, the brief relationship he has had with defense counsel, and the difficulties of meeting with clients at the MDC, there is good cause for the Court to consider this motion less than a week after it otherwise would have been due.

I have discussed this motion with the government, and the parties agree that it would not be necessary for the Court to order a full briefing schedule at this time.  Mr. Baldeo is prepared to move forward with the change of plea hearing as scheduled, but is of course amenable to an adjournment for the Court to consider the motion to dismiss if necessary.

I am happy to provide further information about this request if the Court wishes.

Sincerely,

Michael Arthus
Assistant Federal Defender
212-417-8760

The Court will hear argument on Mr. Baldeo's motion at the September 17, 2024 hearing.  No later than 6:00 p.m. on September 16, 2024, the parties may (if they choose) submit simultaneous letter briefs of no more than five pages each regarding Mr. Baldeo's motion and attach any relevant materials of which the Court may take judicial notice.  Among other issues the parties might want to raise, the letter briefs may address what information a Court may properly consider in assessing whether 18 U.S.C. § 922(g)(1) may constitutionally be applied to an individual.  The parties may also address the relevance, if any, of the Supreme Court's statement in *United States v. Rahimi* that this country's "tradition of firearm regulation allows the Government to disarm individuals who present a credible threat to the physical safety of others." 144 S. Ct. 1889, 1902 (2024).

SO ORDERED.
Date: September 14, 2024
New York, New York

JOHN P. CRONAN
United States District Judge